**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

|  |  |  |
|---|---|---|
| RONALD N. TOTARO, | : | |
| | : | Civ. No. 17-6458 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID E. ORTIZ, Warden, and FEDERAL BUREAU OF PRISONS, | : | |
| | : | |
| Respondents. | : | |

---

**BUMB,** United States District Judge

On August 28, 2017, Petitioner filed a self-styled "Motion to Compel the BOP to Grant Compassionate Release Authorized by Congress April 28, 2016." (ECF No. 1.)  Petitioner, who is incarcerated in the Federal Correctional Institution in Fort Dix New Jersey, asserts jurisdiction under 28 U.S.C. § 2241, challenging the BOP's interpretation of the rules for compassionate release.[1]  Petitioner also challenges the BOP Program

---

[1] 18 U.S.C. § (c) (1)(A)(i) provides:

> Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

Statement under Sections 701-06 of the Administrative Procedure Act, 5 U.S.C. § 551. (Id. at 3.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1, the scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner."  For the reasons discussed below, this Court dismisses the § 2241 without prejudice for failure to exhaust administrative remedies.

I.   BACKGROUND

On June 29, 2017, Petitioner requested compassionate release from the Bureau of Prisons, pursuant to Program Statement 5050.49, and 18 U.S.C. § 3582.  (Pet., ECF No. 1 at 6; Ex. A.)  Specifically, Petitioner states:

> In Totaro's request for compassionate release made on June 29, 2017, he cited the Amendments

---

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or

2

> to the Sentencing Guidelines made by the Sentencing Commission on April 28, 2016 and made effective by Congress on November 1, 2016, which states, in part:
>
>> Age of the Defendant— The defendant is at least 65 years old, has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. (§1B1.13)[2]

(Pet., ECF No. 1 at 8; Ex. A, ECF No. 1 at 14.)

David Ortiz, Warden at FCI Fort Dix, denied the request for compassionate release on July 27, 2017, under BOP Program Statement 5050.49. (Id.; Ex. B, ECF No. 1 at 21.) Warden Ortiz explained that:

> According to Program Statement 5050.49, section 4(c), the criteria for "Other Elderly Inmates," is defined as "inmates age 65 or older who have served **the greater of** 10 years or 75% of the term of imprisonment to which the inmate was sentenced." The Bureau has not adopted the sentencing commission[']s recommendations, nor is it bound by their recommendations. You have served over 10 years of your sentence; however, in order to qualify for a RIS/Compassionate Release based on these guidelines, you must serve at least 75% of your sentence. You have only served approximately 63% of your sentence. Therefore, your request for RIS/Compassionate Release is denied.

(Pet., Ex. B, ECF No. 1 at 21) (emphasis in original).

Petitioner then appealed, using the BOP Administrative Remedy process, by sending a BP-9 form to Warden Ortiz. (Id.; Ex. D, ECF

---

[2] It appears that Petitioner is quoting the amendment to Application Note 1.B in the Commentary for U.S.S.G. §1B1.13.

3

No. 1 at 23.)  In his response on August 17, 2017, Warden Ortiz gave an identical response to his denial of Petitioner's July 27, 2017 request.  (Id.)

After filing the present habeas petition, Petitioner submitted a letter to the Court on October 18, 2017, stating he received a response to his Regional Administrative Remedy Appeal (BP-10 form), and it was denied "using the exact same language used in the two prior requests," proving that exhaustion is futile. (ECF No. 2.)  The Court notes the response to Petitioner's BP-10 appeal did not in fact use the same language to deny relief. Relief was denied because:

> The Program Statement specifically provides that elderly inmates who are serving sentences for offenses committed on or after November 1, 1987, must be 70 years or older and have served 30 years or more of their term of imprisonment.  In addition, Program Statement 5050.49 requires the consideration of the 13 factors set forth in Section 7 to determine if the reduction in sentence request presents particularly extraordinary and compelling circumstances.
>
> After reviewing your circumstances, it was determined that your current offense was committed on February 2, 1995.  Although you are over 70 years of age, you have not served 30 years or more of your term of imprisonment. Accordingly, your appeal is denied.

(ECF No. 2 at 3.)

Petitioner contends the amendment to the Sentencing Guidelines was approved by Congress on April 28, 2016, effective

4

November 1, 2016, and should be interpreted as mandatory. (Id. at 9-10.) Petitioner concedes that he lacks jurisdiction under § 2241 to ask the court to modify a term of imprisonment and *sua sponte* grant compassionate release, but contends the Court has jurisdiction over his claim that the Bureau of Prisons' interpretation of the rules for compassionate release are arbitrary and capricious.

II.  DISCUSSION

    A.  Jurisdiction

28 U.S.C. § 2241(c)(3) provides, "[t]he writ of habeas corpus shall not extend to a prisoner unless--(3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Petitioner states he is "challenging the BOP's interpretation of the rules for compassionate release in violation of federal law." (Pet., ECF No. 1 at 3.) Thus, the Court construes this claim as a challenge to Petitioner's custody in violation of 18 U.S.C. § 3582(c)(1)(A)(i). The Court has jurisdiction over this claim under § 2241. See e.g. Reno v. Koray, 515 U.S. 50 (1995) (district court exercised jurisdiction under § 2241, based on Bureau of Prisons' interpretation of 18 U.S.C. § 3585(b), refusing to grant credit for time served at a community treatment center); Lopez v. Davis, 531 U.S. 230 (2001) (district court exercised jurisdiction under § 2241, where petitioner challenged BOP regulation categorically denying early release to

5

certain prisoners).

      B.    Exhaustion

The Third Circuit Court of Appeals applies an exhaustion requirement to claims brought under § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). The BOP administrative Remedy Program "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. First, an inmate must seek informal resolution of an issue of concern. Id., § 542.13. If the inmate is dissatisfied, the inmate may submit a formal written remedy request, on form BP-9, to the warden of his/her facility. Id., § 542.14. If the inmate is dissatisfied with the warden's response, he/she may appeal to the Regional Director using form BP-10. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he/she may appeal to the General Counsel in the Central Office, on form BP-11. Id., § 542.15(b)(1). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id., § 542.18. The Central Office appeal is the final level of administrative review. Id.

The requirement of administrative exhaustion of claims brought under § 2241 "may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be

6

served." Cerverizzo v. Yost, 380 F. App'x 115, 116 (3d Cir. 2010) (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n. 2 (3d Cir. 2005); Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring)). Here, Petitioner contends exhaustion is futile because the BOP's denial of his compassionate release request at the BP-9 and BP-10 level of administrative review was based on its Program Statement 5050.49, and his request would only be denied at the next level for the same reason. (Pet., ECF No. 1 at 7; Letter, ECF No. 2 at 1.) The Court disagrees.

The Warden denied Petitioner's request based on BOP Program Statement 5050.49(4)(c), because Petitioner had only served 63% of his sentence. (Pet., Ex. B, ECF No. 1 at 21.) The last Change Notice to BOP Program Statement 5050.49 is dated March 25, 2015.[3] Thus, it appears BOP Program Statement has not been updated to reflect the amendments to the Sentencing Guidelines which were effective, November 1, 2016. The U.S.S Sentencing Commission amended the compassionate release provision:

> [as] a result of the Commission's review of the policy statement pertaining to "compassionate release" at §1B1.13 (Reduction of Term of Imprisonment as a Result of Motion by Director of Bureau of Prisons). The amendment broadens certain eligibility criteria and encourages the Director of the Bureau of Prisons to file a motion for

---

[3] Available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query#

7

>compassionate release when "extraordinary and compelling reasons" exist.
>
>. . .
>
>The amendment revises §1B1.13 in several ways. First, the amendment broadens the Commission's guidance on what should be considered "extraordinary and compelling reasons" for compassionate release.
>
>. . .
>
>The amendment also adds an age-based category ("Age of the Defendant") for eligibility in § 1B1.13.  This new category would apply if the defendant (i) is at least 65 years old, (ii) is experiencing a serious deterioration in health because of the aging process, and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment (whichever is less).  The age-based category resembles criteria in the Bureau of Prisons' program statement, but adds a limitation that the defendant must be experiencing seriously deteriorating health because of the aging process.  The amendment also clarifies that the time-served aspect should be applied with regard to "whichever is less," an important distinction from the Bureau of Prisons' criteria, which has limited application to only those elderly offenders serving significant terms of imprisonment. . .

See Official Text of Amendments to the Sentencing Guidelines (Effective November 1, 2016) at 1-2.[4]

The Regional Director denied Petitioner's appeal because he did not meet the criteria under BOP Program Statement 5050.49 for

---

[4] Available at https://www.ussc.gov/guidelines/amendments/reader-friendly-version-amendments-effective-november-1-2016

"Elderly Inmates." (ECF No. 2 at 3.) Petitioner, however, requested relief under the Sentencing Commission's new definition of "extraordinary and compelling reasons" for compassionate release. The Regional Director stated only that there were 13 factors the BOP considered in determining if there were extraordinary and compelling circumstances. (Id.) The Regional Director did not say that those factors were considered and Petitioner did not meet the definition, nor did the Regional Director state whether or not the BOP considered the Sentencing Commission's new definition of "extraordinary and compelling circumstances" to grant compassionate release.

Petitioner has not provided any reason to indicate that, upon review, the Central Office will not grant his request based on the change in U.S.S.G. § 1B1.13, which is not reflected in the March 2015 BOP Program Statement. Therefore, exhaustion has not been shown to be futile, and the Court will dismiss the petition without prejudice to Petitioner raising his claim after exhausting his administrative remedies.

III. CONCLUSION

For these reasons, the Court dismisses the petition under 28 U.S.C. § 2241 without prejudice for failure to exhaust administrative remedies.


Dated: November 17, 2017

9

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**